UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: WELLS FARGO BANK, N.A.,
MORTGAGE CORPORATION FORCE-PLACED
HAZARD INSURANCE LITIGATION                                   MDL No. 2466


ORDER DENYING TRANSFER


**Before the Panel**: Pursuant to 28 U.S.C. § 1407, plaintiffs in one action move to centralize this litigation in the Southern District of Illinois or, alternatively, in the Northern District of California, and request separation and remand of claims concerning unrelated insurance products and one insurer defendant.[1] This litigation currently consists of six actions pending in six districts as listed on Schedule A. The actions involve allegedly abusive practices in the unilateral "forced" placement of hazard insurance by Wells Fargo[2] and Assurant[3] on borrowers with mortgages serviced by Wells Fargo. Defendants Wells Fargo and Assurant oppose centralization, as do plaintiffs in the Southern District of Florida and Northern District of California actions. Plaintiffs in the Southern District of New York and District of New Jersey actions support centralization.

Less than a year ago, the Panel denied a motion to centralize force-placed insurance litigation against eight major mortgage lenders – including Wells Fargo – on an industry-wide basis. *See In re: Mortgage Lender Force-Placed Ins. Litig.*, 895 F. Supp. 2d 1352, 1353-54 (J.P.M.L. 2012). At that time, the Panel also determined that centralization on a lender-specific basis was not warranted. *See id.* at 1353 & n.2.

Movants contend that centralization of the six actions listed on Schedule A is now appropriate because common factual and legal issues are raised by plaintiffs' claims that Wells Fargo and Assurant improperly place one type of insurance – hazard insurance – at excessive premiums and fees, and engage in other abuses in violation of numerous laws. Movants argue that (1) unlike the motion the

---

[1] This motion was heard with three related motions at the same hearing session. The related motions concern centralization of force-placed hazard insurance litigation against three other banks and the insurance companies they utilize to place such insurance. *See* MDL No. 2464, In re: HSBC Mortg. Corp. Force-Placed Hazard Ins. Litig.; MDL No. 2465, In re: JPMorgan Chase Bank, N.A., Mortg. Corp. Force-Placed Hazard Ins. Litig.; MDL No. 2467, In re: Bank of America, N.A., Mortg. Corp. Force-Placed Hazard Ins. Litig.

[2] "Wells Fargo" refers to Wells Fargo Bank, N.A., and Wells Fargo Insurance, Inc.

[3] "Assurant" refers to Assurant, Inc.; American Security Insurance Company; and Standard Guaranty Insurance Company.

Panel denied last year, the current motion focuses on a single lender – Wells Fargo – and a single category of insurance; and (2) centralization is necessary to address the difficulties in coordinating the litigation with the competing group of plaintiffs' counsel.

On the basis of the papers filed and the hearing session held, we will deny the motion. Although all six actions concern alleged abuses by Wells Fargo and Assurant with respect to their force-placed hazard insurance practices, the Panel is not persuaded that Section 1407 centralization is necessary for the convenience of the parties and witnesses or for the just and efficient conduct of this litigation. The Panel previously denied centralization on a lender-specific basis, finding, *inter alia*, that individualized discovery and legal issues were likely to be numerous and substantial in light of the variation in the mortgage contracts on key issues.[4] That earlier denial does not preclude the Panel from reaching a different result here, but the Panel grants reconsideration "only rarely … where a significant change in circumstances has occurred." *See In re Plavix Mktg., Sales Practices & Prods. Liability Litig. (No. II),* — F. Supp. 2d —, 2013 WL 565971, at *1 (J.P.M.L. Feb. 12, 2013).

Having reviewed the updated record, we do not find any new circumstances that warrant reconsideration. As defendants point out, the pending actions involve different originating lenders, mortgage agreements with materially different terms concerning force-placed insurance, and differing disclosures to borrowers at the time the force-placed insurance policies were placed. Thus, individualized discovery and legal issues still will be substantial. Furthermore, the number of actions against Wells Fargo has *decreased* since the Panel's decision, due largely to voluntary consolidation by various plaintiffs, indicating that the alleged need for centralization has diminished.[5]

Additionally, the MDL proposed by the movants would be inefficient in significant respects. In two of the six actions, movants propose that numerous claims would be separated and remanded to ensure that unrelated claims concerning flood insurance and an unrelated insurer would remain in the transferor courts. Furthermore, in the Northern District of California action, class certification proceedings have been largely completed, which resulted in conditional certification of a state class on the unrelated flood insurance claims two months ago. In these circumstances, we encourage the parties to continue to employ alternatives to transfer which may minimize the risk of duplicative discovery and inconsistent pretrial rulings.

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

---

[4] *See In re: Mortgage Lender Force-Placed Ins. Litig.*, 895 F. Supp. 2d at 1353 & n.2.

[5] The opposing plaintiffs note that last year's motion encompassed 16 actions against Wells Fargo.

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          Paul J. Barbadoro
Marjorie O. Rendell      Charles R. Breyer
Lewis A. Kaplan           Sarah S. Vance

IN IN RE: WELLS FARGO BANK, N.A.,
MORTGAGE CORPORATION FORCE-PLACED
HAZARD INSURANCE LITIGATION                                     MDL No. 2466

## SCHEDULE A

<u>Northern District of California</u>

Danny Lane, et al. v. Wells Fargo Bank, N.A., C.A. No. 3:12-04026

<u>Southern District of Florida</u>

Ira M. Fladell, et al. v. Wells Fargo Bank, N.A., et al., C.A. No. 0:13-60721

<u>Southern District of Illinois</u>

Debra Simpkins, et al. v. Wells Fargo Bank, N.A., et al., C.A. No. 3:12-00768

<u>Northern District of Indiana</u>

Judith Hallie v. Wells Fargo Bank, N.A., et al., C.A. No. 2:12-00235

<u>District of New Jersey</u>

Anthony Kite v. Wells Fargo Bank, N.A., et al., C.A. No. 3:13-02075

<u>Southern District of New York</u>

Wayne Miller v. Wells Fargo Bank, N.A., et al., C.A. No. 7:13-01541